UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-14 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Lisa Anne Labar, | |
| Defendant. | |

---

This matter comes before the Court on the Government's Motion for Continuance of Motions Hearing, ECF No. 40. The Government states that there is currently a warrant out for Defendant's arrest and her whereabouts are unknown.[1] The Government contacted chambers about striking the in-person criminal motions hearing scheduled for September 17, 2020, in light of Defendant's fugitive status, and was directed to file the request for a continuance on the docket. In correspondence with the Court, defense counsel noted he would object to moving forward with the hearing in Defendant's absence and has no objection to striking the hearing under the circumstances.

Further, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[2] General Order

---

[1] To the extent the Government's motion comments on items presently under seal, the Court repeats only the information publicly revealed by the Government in its motion.
[2] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1

No. 18, entered on August 27, 2020, vacates General Order No. 17, entered on June 26, 2020. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 18 (D. Minn. Aug. 27, 2020).

General Order No. 18 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. General Order No. 18 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.

General Order No. 18, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and extending the COVID-19 peacetime emergency through September 11, 2020; (3) the Governor of the State of Minnesota issuing Emergency Executive Order 20-74, Continuing to Safely Reopen Minnesota's Economy and Ensure Safe Non-Work Activities during the COVID-19 Peacetime Emergency, which continues to place several restrictions on Minnesota residents; (4) the COVID-19 restrictions imposed by local detention facilitates impacting the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons' modified operations affecting inmate movement; and (6) the interests of the health of courtroom participants and court staff, the

constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, General Order No. 18 states the following concerning the Speedy Trial Act:

> Where appropriate, the presiding judge may enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act. The presiding judge may extend deadlines and exclude time under the Speedy Trial Act in cases even when certain proceedings are held using videoconferencing or telephone conferencing to address delays attributable to COVID-19.

Defendant previously indicated through counsel that she declines to consent to videoconferencing for the criminal motions hearing. ECF No. 31. In light of Defendant's fugitive status, the in-person criminal motions hearing will be rescheduled consistent with the health and safety protocols of this Court once Defendant is located and apprehended.

Therefore, for the reasons addressed in General Order No. 18 and the well-documented concerns regarding COVID-19, and because Defendant is currently a fugitive, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Government's Motion for Continuance of the Motions Hearing, ECF No. 40, is **GRANTED**.

2. The in-person criminal motions hearing previously set for September 17, 2020, ECF No. 39, is **STRICKEN**.

3. **Consistent with General Order No. 18, the period of time from March 17 through December 31, 2020, shall be excluded from Speedy Trial Act computations in this case absent further order of the Court.**

4. The Government shall contact the Court to reschedule the in-person criminal motions hearing once Defendant is located and apprehended.

5. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for United States District Judge Wilhelmina M. Wright to confirm the new trial date.**


Dated: September    16   , 2020                     *s/ Tony N. Leung*
                                                    TONY N. LEUNG
                                                    United States Magistrate Judge
                                                    District of Minnesota


                                                    *United States v. Labar*
                                                    Case No. 20-cr-14 (WMW/TNL)